[Civ. No. 5776. Third Appellate District.—March 18, 1937.]

A. KONDA, etc., Respondent, v. LESTER W. LAMKIN et al., Appellants.

Bradley & Bradley and Max B. Jamison for Appellants.

Farnsworth, Burke & Maddox and James B. Abercrombie for Respondent.

PLUMMER, J.—On the 14th day of September, 1933, the appellants executed and delivered to J. G. Richardson and his assignees an option to purchase at any time before January 1, 1935, a certain 24-acre orange orchard in Tulare County, for the sum of $15,395. At the same time an agreement was entered into providing that the appellants should care for said property, pay all taxes, gather the orange crops, market the same, and credit the expense of caring for the orchard with the receipts of the orange crops. The parties also agreed

upon a tentative budget of the sum of $3,506 for each fiscal year for caring for the orchard, marketing the crops, etc. It was also agreed that the appellants should keep books of account and records of all expenses and income pertaining to the orchard. J. G. Richardson, the party who obtained the option, assigned the same to Margaret Von Neindorff, who, on October 27, 1934, gave notice to appellants of an intention to exercise the option. On October 30th, however, and before any further proceedings were had, Margaret Von Neindorff assigned the option and all her rights thereunder, to plaintiff and respondent.

It appears that the total cost of caring for the orchard claimed by the appellants was almost double the stipulated budget, and presented to the respondent a statement claiming that the sum of $23,380 was necessary to be paid to the appellants in order to secure a conveyance of the premises. This action was begun for an accounting and also for a decree of specific performance directing the appellants to make conveyance according to the terms of the option.

At the time of beginning this action the respondent deposited with the clerk of the court the sum of $23,380. At the conclusion of the hearing of the accounting the court found that the sum to be paid by the plaintiff for the premises, and which the appellants were entitled to receive for a conveyance of the orchard, was the sum of $17,860.62, and upon the payment of said sum by the plaintiff to the appellants, conveyance was ordered to be made.

In the accounting certain items were disallowed, as follows, to wit:

| | |
|---|---|
| Excessive charges on fertilizer | $ 25.00 |
| Excessive charge for use of tractor | 83.37 |
| Excessive charge for spreading fertilizer | 464.25 |
| Expenditure for pumping plant | 1510.08 |
| Septic tank | 75.00 |

As to each of these items there is a conflict of testimony, and even though we might be inclined to the opinion that the testimony set out by the appellant outweighs the testimony introduced by the respondent, the trial court had before it the witnesses, and its findings as to such items are binding upon this court.

First, as to the disallowance of $25 as an excessive charge for the purchase of 5,000 feet of manure. The appellants'

charge was 3 cents per cubic foot. The testimony of W. J. Ferguson is to the effect that the general current market price for fertilizer delivered roadside in 1933 was 2½ cents per cubic foot. The fertilizer charged for in this item was deliverd roadside. Another witness, W. C. Bradford, testified that the current market price in 1933 was 2½ cents per cubic foot. It was for the trial court to decide upon the credibility of such witnesses.

As to the item of $83.37 disallowed as an excessive charge for use of tractor, wherein appellants claimed $2.50 per hour, there is testimony to the effect that the general market price, including driver, fuel, etc., was from $1.50 to $2 per hour. The evidence is to the effect that the appellants used their own tractor.

As to the excessive charge of $464.25 for spreading fertilizer the evidence is to the effect that 28,500 cubic feet of fertilizer were delivered roadside. For spreading this fertilizer the appellants made a total charge of $606.75, slightly in excess of 2 cents per cubic foot. There is an abundance of testimony in the record to the effect that the price for spreading fertilizer was only 1½ cents per cubic foot, which justified the court in making the disallowance referred to.

■ The main item is the charge for pumping plant. The court disallowed the costs of the pumping plant on the ground that it was a capital expenditure, and had been made unnecessarily by the appellants in this action. It appears that there was a pumping plant upon the premises and there is testimony to the effect that the pumping plant installed by the appellants was but little more effective than the pumping plant already upon the premises. There is testimony in the record also to the effect that during the irrigation season the Vandalia Irrigation District furnished for the orchard, from March 7th to and including October 15th of the year 1934, when the new pumping plant was installed, water for irrigation purposes amounting to 58.10 acre feet. Under the testimony as to the utility of the original pumping plant and the amount of water furnished by the irrigation district, it was for the trial court to determine whether the capital expenditure for a new pumping plant was or was not necessary for the proper preservation of the orchard. The water that could be pumped by the old plant and the water that was pumped by the new plant is all set out in the record, which we need not copy

herein, because of what we have just stated, the question of fact presented was for the trial court.

As to the construction of the septic tank, it was found by the trial court that its main use was upon premises other than the orange orchard, and was upon premises not included in the option.

As further ground for reversal it is urged by the appellants that the itemized account presented of the expenditures and receipts made by the appellants prior to the beginning of the action, constituted a stated account. However, the answer of the appellants in this case admits that they could not give a full statement of the expenditures and receipts for the simple reason that all of the oranges had not been gathered and marketed; that the items of account rendered by the appellants to the respondent lacked finality, and therefore could not become a stated account, although the liability of the plaintiff to pay anything is contingent, and where there is a contingency, there can be no stated account. (1 Cal. Jur. 192; 1 C. J. 700; *Richmond Dredging Co.* v. *Atchison, T. & S. F. Ry. Co.*, 31 Cal. App. 399 [160 Pac. 862].) In this case an accounting was necessary in order that the correctness of the charges and their reasonableness should first be determined.

In *California Farm & Fruit Co.* v. *Schiappa Pietra*, 151 Cal. 732 [91 Pac. 593], in speaking of stated accounts and of the money to be paid and of the necessity of a tender, the trial court used the following language: ''Another exception recognized by this court is that of the case where the taking of an account is necessary for the ascertainment of the sum to be repaid, or the sum is to be liquidated by an adjudication based on evidence of facts independent of the terms of the contract itself. In such a case, as the plaintiff cannot determine in advance of the suit the amount by him to be repaid, an offer to refund such sum as shall be decreed is a sufficient offer to do equity.''

In *Murdock* v. *Fisher Finance Corp.*, 79 Cal. App. 787 [251 Pac. 319], the court, speaking on the same subject, said: ''Moreover, in a case where it is necessary to have an accounting to ascertain the sum to be repaid, the rule regarding a tender is not so strict, because the court will be able to fix the amount after hearing the evidence, and thus do equity between the parties.'' (Citing authorities.)

■ One of the objections urged by the appellants is that no tender of payment was made by the plaintiff before the beginning of this action. The record shows, however, that the plaintiff deposited the sum of $23,380 with the clerk of the court in order to cover whatever sum might be found by the court necessary ·to be paid to the appellants in order to purchase the orange orchard. The fact that the court found that the sum to be paid by the plaintiff to the appellants was only the sum of $17,860.62 is sufficient evidence of the necessity for an accounting.

It may be further said that no estoppel was pleaded by the appellants, no objection was made to the complete examination of the accounts by the court. It is too late to raise such questions upon appeal. The ability to pay, and good' faith on the part of the plaintiff in this action is evidenced by· the fact that the sum of $23,380 to cover whatever amount might be found by the court as due for the purchase of the premises, was made by the plaintiff, and remained there for the purpose of paying for the premises whatever sum the court might find necessary.

■ What we have set forth herein shows conclusively we think that the plaintiff was justified in beginning an action for an accounting, and that the plaintiff has full right to maintain an action therefor. The notice to exercise the option was given by Margaret Von Neindorff, and her rights immediately assigned to the plaintiff. The objection that the plaintiff had no rights thereunder, of course, must be held without merit.

The court in its finding that the installation of a new pump by the appellants was unnecessary, likewise held that the appellants were entitled to remove the pump from the premises as their own property.

Finding no error in the record justifying a reversal, the judgment of the trial court is affirmed.

Pullen, P. J., and Thompson, J., concurred.