[Civ. No. 1853.   Fourth Appellate District.—May 14, 1937.]

MARGARET M. VON NEINDORFF, Respondent, v. A. F. SCHALLOCK et al., Defendants; LESTER W. LAM-KIN et al., Appellants.

Bradley & Bradley and Max B. Jamison for Appellants.

Farnsworth, Burke & Maddox and James K. Abercrombie for Respondent.

BARNARD, P. J.—This is an action to quiet title. The first count of the complaint sets forth all of the facts relied upon as showing that all of the defendants are estopped from disputing the plaintiff's title to the land in question. The second count is in the ordinary form of a quiet title action. Judgment was entered in favor of the plaintiff and the defendants Lamkin have appealed.

The real property involved in this action is a small piece or strip of land situated within the exterior boundaries of a 24½-acre orange grove, which was owned by the defendants Schallock. The legal title to this small piece stood in the name of the Magnolia Water Company, which is apparently a defunct corporation. The Schallocks built a house on the small strip in question, although about five feet of the house on one side and nine feet on another side extended over upon the land to which they had title. They occupied the entire property, including this strip, for some fourteen years and paid taxes on both parcels for more than the required five-year period. In April, 1932, the respondent bought the orange grove from the Schallocks, who represented that the house was a part of and went with the place. The deed to the respondent contained several reservations not material here, and also contained a clause excepting therefrom the strip of land here in question. It appears that

neither the Schallocks nor the respondent knew that this exception was in the deed and it was stipulated at the trial that it was the intention of all of them that the deed should cover all of the land within the exterior boundaries of the 24½-acre tract.

The Schallocks received all of the consideration agreed upon, consisting of a certain amount of cash, certain personal property, two promissory notes which were later reduced to judgment, and the respondent assumed and agreed to pay a trust deed which was then a lien on that part of the property to which the Schallocks had title. The appellant Helen Lamkin was the beneficiary of this trust deed, the description of which particularly excepted the strip here in question. The respondent took possession of all of the property in April, 1932, and personally occupied the same, including the house, from October, 1932, until about the end of September, 1933. At that time the appellants moved into the house, having received a trustee's deed after a foreclosure of the trust deed. This trustee's deed, like the trust deed, covered only that part of the property which had stood in the name of the Schallocks and excepted the property here in question. About October, 1933, the appellants discovered that they did not have a record title to the strip of land on which most of the house was built. Thereupon they obtained a quitclaim deed from the Schallocks and a purported deed from certain stockholders of the Magnolia Water Company. The appellants had given to one Richardson an option to purchase the real property they had acquired by the sale under the trust deed. This option was assigned to the respondent who assigned it to one Konda. This option did not cover the strip of land involved in this action but covered only the property acquired under the sale under the trust deed. Konda later exercised that option, which led to another action and another appeal, *Konda* v. *Lamkin*, 19 Cal. App. (2d) 635 [66 Pac. (2d) 164], and he has never asserted any claim to the property here in dispute.

The main ground of appeal is that certain findings to the effect that the respondent is the owner in fee of the strip of land here involved are not supported by the evidence. It is further argued that if the respondent ever had any interest in this strip of land she was divested of the same by the sale under the trust deed, that if she acquired any interest

in this property under the option given by the appellants she lost the same when she assigned that instrument to Konda, and that Konda alone is the proper party to bring any such action as this. The respondent argues, on the other hand, that the appellants acquired no interest in the property in question through the foreclosure of the trust deed, that they acquired no interest through the quitclaim deed from the Schallocks since all of the defendants are estopped from disputing that all rights owned by the Schallocks had passed to the respondent, and that the deed from the Magnolia Water Company was void and ineffective for several reasons.

There may be considerable merit in the contention that the appellants have acquired no interest in the property involved in this action and we may assume, for the purposes of this decision, that such is the fact. It is well settled, however, that in such an action as this, a plaintiff must rely upon the strength of his own title and not upon any weakness in his opponent's title. Under the facts shown by the evidence, and found by the court, it must be taken that the respondent was not divested of any interest she might have had in this particular property by the sale under the trust deed, and that any such interest was not affected by the option given by the appellants and which later passed to Konda. Both the trust deed and this option particularly excepted the property here in question from the property covered. It follows that Konda was not the proper party to maintain such an action as this.

The claim of the respondent must rest upon adverse possession. Since she was only in possession of the property for about sixteen months that claim must rest largely upon the possession of her predecessors, the Schallocks. While the possession of the Schallocks would seem to have been sufficient to have established their title under the rules of adverse possession since they occupied the property for some fourteen years, farmed the land all around the property in question, built a substantial house on that property and paid all taxes assessed thereon for more than five years, no action was ever taken by them to perfect of record such a title.

Assuming that the respondent was otherwise entitled to rely upon the possession of her predecessors, in connection with her own, a well-established rule prevents her from taking advantage of that right under the facts as they now

appear. The established rule in this state is that a claimant of land by adverse possession, who must rely on the possession of a previous holder, must show a privity of estate between himself and the previous holder, and cannot tack to the time of his possession that of a previous holder where the land claimed adversely was not included within the boundaries of the conveyance he received from such previous holder. (*San Francisco* v. *Fulde*, 37 Cal. 349 [99 Am. Dec. 278]; *Allen* v. *McKay & Co.*, 120 Cal. 332 [52 Pac. 828]; *Messer* v. *Hibernia Sav. etc. Soc.*, 149 Cal. 122 [84 Pac. 835]; *Saner* v. *Knight*, 86 Cal. App. 347 [260 Pac. 942].) The reason for the rule is obvious, as otherwise a person receiving a conveyance of a part of lands occupied by a predecessor might use the possession of that predecessor of another part of the land to defeat the rights of that predecessor with respect to that part of the land which he intended to keep for himself. The rule is particularly appropriate in a case such as this where the land, the predecessor's possession of which is relied upon, was particularly excepted from the conveyance made by the predecessor. While in this case it was stipulated that it was the intention of all parties thereto that the land here in question should pass to the respondent by the deed given her by the Schallocks, the fact remains that the deed failed to carry out this intention and expressly excluded this property from its operation. The respondent should, by appropriate pleadings, have sought reformation of this deed in order to carry out the intention of the parties and in the same action have sought to quiet her title. Until that deed is reformed she is in no position to avail herself of the possession of her predecessors and the evidence is not sufficient to sustain the finding that she is the owner of the property in fee. She should, if so advised, be permitted to so amend her complaint as to ask for a reformation of her deed and the quieting of the title conveyed by the deed as reformed.

For the reasons given the judgment is reversed and the cause remanded for further proceedings.

Marks, J., and Jennings, J., concurred.