[Civ. No. 26201. First Dist., Div. One. Apr. 8, 1970.]

MOVING PICTURE MACHINE OPERATORS UNION
LOCAL NO. 162, Plaintiff and Appellant, v.
GLASGOW THEATERS, INC., Defendant and Appellant.

396

## Counsel

Kenneth C. Zwerin for Plaintiff and Appellant.

Neyhart, Grodin & Beeson, Brundage, Neyhart, Grodin & Beeson and Joseph R. Grodin for Defendant and Appellant.

## Opinion

**MOLINARI, P. J.**—In this appeal by both parties from the judgment below Glasgow Theaters, Inc. (hereinafter referred to as "Glasgow"), appeals from an adverse judgment in the sum of $1,209, and Moving Picture Machine Operators Union Local No. 162 (hereinafter referred to as "Union") appeals from that portion of the judgment denying relief in the sum of $1,845.

Glasgow operates a motion picture theater which employs a number of projectionists who are members of Union. A dispute arose between Glasgow and Union concerning payments Union claimed Glasgow was obligated to make to a pension fund for the benefit of Union's members. Union contended that under a collective bargaining agreement and a supplement thereto entered into between the parties, Glasgow's payment obligation was retroactive to August 15, 1963. Glasgow maintained that its obligation to make payments commenced on August 15, 1965.

Counsel for both parties entered into negotiations for settlement of the dispute. Such negotiations resulted in an oral agreement reached by counsel on or about March 15, 1967 to settle the dispute by a compromise fixing the commencement date for the subject payments as August 15, 1964. This proposal was agreed to by Union and Glasgow, but was subsequently repudiated by Glasgow.

On August 9, 1967, Union filed a complaint, subsequently amended, against Glasgow stating three causes of action. The first sought recovery in the sum of $1,854 based on an alleged participation agreement entered into on January 24, 1966, whereby Glasgow had agreed to make pension fund payments in the sum of $9 per week for 206 weeks commencing August 15, 1963. The second cause of action sought recovery of the sum of $1,486 based on the agreement allegedly reached by counsel on March 15, 1967. The third cause of action sought a declaration of rights as to Glasgow's obligation to make pension payments under the subject agreements.

Following the filing of this complaint, counsel for Glasgow directed a letter, date August 24, 1967, to counsel for Union in which it was stated that Glasgow admitted it owed the sum of $1,209 for the period commencing August 1964 and that Glasgow was prepared to pay this amount in full satisfaction of the matter sued upon in the complaint. Union's counsel responded, by letter dated August 29, 1967, that the proposal contained in the letter of August 24, 1967 was not acceptable, but that Union was prepared to settle on the basis of the formula originally agreed upon between counsel. This letter contained the following condition: "This proposal will not be open if my client is required to litigate the matter."

At trial Glasgow objected to the admissibility of evidence of the negotiations between counsel on the basis that such evidence was inadmissible because it related to an attempt to compromise. These objections were overruled. In ruling on the objection the trial court stated that it was receiving the evidence relating to the negotiations in evidence but stated that it would "decide the legal effect of it later." The trial court found that Glasgow was indebted to Union for $1,209 for the period from August 15, 1964 to August 14, 1967 on the basis that Glasgow had admitted its liability in that sum. The court also found that Glasgow was not indebted to Union in the sum of $1,854 on the basis that the parties had entered into a written agreement on January 24, 1966 providing for pension payments in the amount of $9.00 per week, commencing August 15, 1963.

Glasgow contends that the evidence pertaining to the settlement negotiations should have been inadmissible and therefore there is no evidentiary support for the judgment against it in the sum of $1,209. Union contends that the trial court did not err in granting the judgment of $1,209 but that it did err·in not granting the full relief requested. As we understand Union's contention, Glasgow is indebted to it in the sum of $1,854 for payments due from August 15, 1963, of which sum $1,209 was admitted to be due by Glasgow. In short, Union's position is that the trial court should also have awarded it the difference between these two sums.

■ Evidence Code section 1152 provides that "Evidence that a person has, . . . offered or promised to furnish money, . . . as well as any conduct or statements made in negotiation thereof, is inadmissible to prove his liability . . . ." The admission of such evidence is error. (*Conderback, Inc.* v. *Standard Oil Co.*, 239 Cal.App.2d 664, 684 [48 Cal.Rptr. 901]; *People* ex rel. *Dept. of Public Works* v. *Forster*, 58 Cal.2d 257, 263 [23 Cal.Rptr. 582, 373 P.2d 630].) This rule not only excludes offers to compromise but also excludes all negotiations in relation thereto unless they are otherwise admissible. (*Boyes* v. *Evans*, 14 Cal.App.2d 472, 479-480 [58 P.2d 922]; *People* v. *Lagiss*, 160 Cal.App.2d 28, 34 [324 P.2d 926]; *Realty Co. of America* v. *Burton*, 160 Cal.App.2d 178, 194 [325 P.2d

171].) ■ It is well settled, however, that the rule which excludes offers of compromise does not apply to statements which are in nowise connected with any attempt of compromise or are statements of fact independent of an offer of compromise. (*Smith* v. *Whittier*, 95 Cal. 279, 297-298 [30 P. 529]; *Kelly* v. *Steinberg*, 148 Cal.App.2d 211, 219 [306 P.2d 955]; *People* ex rel. *Dept. of Public Works* v. *Glen Arms Estate, Inc.*, 230 Cal.App.2d 841, 863-864 [41 Cal.Rptr. 303]; *People* ex rel. *Dept. of Public Works* v. *Forster, supra*.) ■ Accordingly, evidence relative to the issue of whether there has been an accord and satisfaction is not subject to the objection that it violates the rule which excludes offers of compromise. (*Conderback, Inc.* v. *Standard Oil Co., supra*, at pp. 683-684.) ■ Moreover, the statements of a party against whom a claim is made, that he is willing to settle the claim, when not connected with an offer of compromise, may be proved as an admission against interest. (*People* ex rel. *Dept. of Public Works* v. *Forster, supra*, at p. 263; *Kelly* v. *Steinberg, supra; Smith* v. *Whittier, supra*.)

■ In considering whether a person's statement amounts to an ordinary admission or constitutes an offer of compromise, the intention of the party is dispositive. (*People* ex rel. *Dept. of Public Works* v. *Forster, supra*, 58 Cal.2d 257, 265; *People* ex rel. *Dept. of Public Works* v. *Glen Arms Estate, Inc., supra*, 230 Cal.App.2d 841, 864.) In ascertaining this intention *Forster* quotes the rule from 31 Corpus Juris Secundum, section 285, pages 1042-1043, as follows: " 'If the proposal is tentative, and any statements made in connection with it hypothetical, if the offer was made to "buy peace" and in contemplation of mutual concessions, it is as to such point a mere offer of compromise. On the other hand, if the intention is apparent to admit liability and to seek to buy or secure relief against a liability recognized as such, or if the party making the proposal apparently *intended* to make *no concessions* but to exact all that he deemed himself entitled to, the proposal is an ordinary admission against interest and not an attempt to compromise.' (Italics added.)" (P. 265.)

Adverting to the evidence objected to in the instant case, we first observe that, in the light of the foregoing principles, the negotiations by the attorneys for the parties leading up to and including the March 15, 1967 oral agreement of counsel were relevant on the issue of whether a settlement by the way of an accord and satisfaction had been reached between Glasgow and Union. ■ "The phrase 'accord and satisfaction' as it is known and applied in the law means the substitution of a new agreement for and in satisfaction of a pre-existing agreement between the same parties." (*B. & W. Engineering Co.* v. *Beam*, 23 Cal.App. 164, 170 [137 P. 624]; *Security First Nat. Bank* v. *Rospaw*, 107 Cal.App.2d 220, 223 [237 P.2d 76]. · ■ The "accord" is the agreement whereby one of two parties

having a right of action against the other upon a claim arising out of an existing agreement, agrees to accept from the other party something in satisfaction of such right of action different from and usually less than that which might be recovered upon the original obligation. (*B. & W. Engineering Co.* v. *Beam, supra; Whepley Oil Co.* v. *Associated Oil Co.,* 6 Cal.App.2d 94, 112 [44 P.2d 670]; Civ. Code, § 1521.) ■ Since "accord" signifies an agreement between the parties, the primary principles which govern the law of contracts are necessarily applicable, that is, proper subject matter, competent parties, mutual consent, and consideration. (*Dunlap* v. *Bellah,* 184 Cal.App.2d 579, 586 [7 Cal.Rptr. 766]; *Kelly* v. *David D. Bohannon Organization,* 119 Cal.App.2d 787, 792 [260 P.2d 646]; *Reid* v. *Overland Machined Products,* 55 Cal.2d 203, 208 [10 Cal.Rptr. 819, 359 P.2d 251]; *Whepley Oil Co.* v. *Associated Oil Co., supra; Republic Indem. Co.* v. *Maier Brewing Co.,* 249 Cal.App.2d 495, 499 [57 Cal.Rptr. 670]; *Rabinowitz* v. *Kandel,* 1 Cal.App.3d 961, 966 [81 Cal.Rptr. 897].)

■ For the principle of accord and satisfaction to apply there must be a bona fide dispute between the parties. (*Kelly* v. *David D. Bohannon Organization, supra,* 119 Cal.App.2d 787, 792; *Whepley Oil Co.* v. *Associated Oil Co., supra,* 6 Cal.App.2d 94, 112.) It is also necessary to show satisfaction as well as an accord since an accord without satisfaction does not extinguish the original obligation. (*Silvers* v. *Grossman,* 183 Cal. 696, 699 [192 P. 534]; *B. & W. Engineering Co.* v. *Beam, supra,* 23 Cal.App. 164, 170; Civ. Code, §§ 1522-1523.) ■ Where the dispute was as to the amount due and an accord has been reached as to the amount to be paid, the original obligation is not extinguished until the agreement is performed. (*Holton* v. *Noble,* 83 Cal. 7, 9 [23 P. 58]; *Silvers* v. *Grossman, supra;* see Civ. Code, § 1524.)

In the instant case no contention is made that there was not a bona fide dispute between the parties, a proper subject matter, or sufficient consid- ■ ■ With respect to the competency of the parties, we observe, initially, that an attorney does not, without specific authorization, possess the power or authority to bind his client to a compromise settlement. (*Bice* v. *Stevens,* 160 Cal.App.2d 222, 231-232 [325 P.2d 244]; *People* v. *Davis,* 48 Cal.2d 241, 256 [309 P.2d 1].) ■ We also observe that the rules governing the attorney-client relation are founded on the rules governing the relation of principal and agent. (*Fidelity & Cas. Co.* v. *Abraham,* 70 Cal.App.2d 776, 783 [161 P.2d 689; *Redsted* v. *Weiss,* 71 Cal.App.2d 660, 664 [163 P.2d 105].) Therefore, notwithstanding the lack of express or apparent authority in the attorney, his act is binding on the client if the latter ratifies it or accepts the benefits of the attorney's acts. (*Redsted* v. *Weiss, supra,* at pp. 664-665; *Fidelity & Cas. Co.* v.

*Abraham, supra;* see *Cathcart* v. *Gregory,* 45 Cal.App.2d 179, 185, 187 [113 P.2d 894].)

In the present case it appears that the second cause of action of plaintiff's complaint purports to plead, although inartfully, facts stating an accord and satisfaction. The proof in support of this cause of action consisted of a stipulation entered into at trial by counsel for the parties. According to that stipulation the agreement entered into by counsel on or about March 15, 1967 that Glasgow was to make pension payments retroactive to August 15, 1964 was confirmed and ratified by their respective clients but was subsequently repudiated by Glasgow. It is apparent from the record, therefore, that although the accord entered into by the attorneys was ratified by their respective clients, the accord was never executed. Accordingly, a satisfaction of the accord agreement never occurred.[1]

We point out here that the trial court's findings do not mention a disposition of the second cause of action. In the absence of a request for specific findings we can conclude that the court found against plaintiff's claimed accord and satisfaction since a finding upon that issue, consistent with the judgment, results by necessary implication from the express findings made by the court. (Code Civ. Proc., § 632; *Auer* v. *Frank,* 227 Cal.App.2d 396, 406 [38 Cal.Rptr. 684, 8 A.L.R.3d 1108]; *Calloway* v. *Downie,* 195 Cal.App.2d 348, 353 [15 Cal.Rptr. 747].) This conclusion finds support in the express finding made by the court that Glasgow admitted liability in the sum of $1,209 for the period August 15, 1964 to August 14, 1967 rather than upon the facts pleaded in the second cause of action which sought to predicate liability upon an accord and satisfaction in the sum of $1,486.

Since the settlement agreement reached by the attorneys, although ratified by the clients, did not constitute an accord and satisfaction it did not extinguish the original obligation, if any. Union was, therefore, justified in proceeding on the original obligation as alleged in the first cause of action.

Our next inquiry, therefore, is to the relevancy of the letter dated August 24, 1967 written subsequent to the filing of the instant action by Glasgow's attorney to Union's attorney. This letter admitted that Glasgow owed Union the sum of $1,209. No contention is made that this letter was not authorized by Glasgow. Moreover, the letter indicates that a copy

---

[1]It should be noted that Civil Code section 1522 provides that "the parties to an accord are bound to execute it." The proper procedure to enforce the accord is to bring an action for specific performance. (See suggested form of complaint to enforce agreement of accord in Deering's Civil Code, Anno., section 1522.)

was mailed to Wayne L. Glasgow, President of Glasgow. The letter was, therefore, admissible in evidence because relevant to the issue whether it was a declaration against interest. ■ As indicated in *Forster, supra,* if the intention is apparent to admit liability and to secure relief against a liability recognized as such, or if the party making the proposal apparently intended to make no concessions but to exact all that he deemed himself entitled to, the proposal is an ordinary admission against interest and not an attempt to compromise. Such an admission against interest is not subject to the rule which excludes offers of compromise. (58 Cal.2d at p. 265.)

■ The question whether Glasgow intended to admit liability in the sum of $1,209 and to make no other concessions was one of fact. (*Cope* v. *Davidson,* 30 Cal.2d 193, 200 [180 P.2d 873, 171 A.L.R. 667]; *People ex rel. Dept. of Public Works* v. *Forster, supra,* 58 Cal.2d 257, 265-266.) Here the only evidence as to Glasgow's intention was the letter of August 24, 1967. No extrinsic evidence was introduced to show any intent different from that expressed in said letter. The trial court was therefore called upon to make its interpretation based solely upon the terms of the letter. It interpreted the letter as an admission against interest admitting liability in the sum of $1,209 rather than an attempt to compromise. ■ Since there is no extrinsic evidence in the present case, we must make an independent determination of the meaning of the subject letter. (*Parsons* v. *Bristol Dev. Co.,* 62 Cal.2d 861, 865-866 [44 Cal.Rptr. 767, 402 P.2d 839].) ■ A reading of the letter discloses an apparent intent to admit liability in the stated sum and to make no other concessions. This is clear from the language "Mr. Glasgow admits he owes as follows: . . ." and "The defendants are prepared to pay this amount in full satisfaction of the matter sued upon in your complaint." We, therefore, conclude that the trial court's interpretation is not erroneous and that it suffices to support the finding that defendant admitted to a liability of $1,209 for the period August 15, 1964 to August 14, 1967.

The admission of the subject letter, as relevant to the issue as to whether Glasgow made a declaration against interest, was evidence of an intent to admit liability to the extent of $1,209. Based on this evidence the trial court made a finding that Glasgow admitted such liability. Our remaining inquiry, therefore, is whether the trial court was justified in declining to grant Union the full relief requested on the basis of the August 15, 1963 retroactivity date.

■ The record herein indicates that the participation agreement dated January 24, 1966, upon which Union bases its claim of retroactivity to August 15, 1963, contains a material alteration in that the period of coverage had been changed by handwritten notation from 1965 to 1963.

The presence of this change was the essence of the dispute between the parties. Wayne Glasgow testified that when he signed the agreement it provided that the pension payments would commence on August 15, 1965, and that the first time he learned that the year had been changed to 1963 was when he received a copy of the agreement signed by Union's officials. He also testified that he immediately called Henry Meyer, Union's business agent, and called attention to the altered contract. He also stated that he repudiated the agreement because of the alteration.

Although there was considerable conflict in the evidence as to the cause of the alteration, there was substantial evidence to warrant the findings that it was not true that a written agreement had been entered into between the parties providing for pension payments commencing August 15, 1963, and that "there is no valid existing current agreement as alleged in the amended complaint." It is well settled that if it pertains to a material matter an alteration of a written instrument made after delivery and without previous consent vitiates the obligation at the option of the other party. (Civ. Code, § 1700; *Consolidated Loan Co.* v. *Harman,* 150 Cal.App.2d 488, 491 [310 P.2d 450]; *Rosenberg* v. *C. W. Clarke Co.,* 200 Cal.App.2d 178, 184 [19 Cal.Rptr. 191]; *Commercial & Sav. Bank* v. *Foster,* 210 Cal. 76, 81 [290 P. 583].)

The judgment is affirmed. Each party is to bear its own costs.

Sims, J., and Elkington, J., concurred.

The petition of the defendant and appellant for a hearing by the Supreme Court was denied June 5, 1970. Tobriner, J., did not participate therein.