FILED

MAR 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLIANZ GLOBAL RISK U.S. INSURANCE COMPANY, as subrogee of The Los Angeles Department of Water & Power,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br><br>Defendant - Appellant. | No. 10-55451<br><br>D.C. No. 2:09-cv-09033-DDP-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted November 9, 2011
Pasadena, California

Before: SCHROEDER, Senior Circuit Judge, REINHARDT and MURGUIA, Circuit Judges.

General Electric Co. ("GE") appeals the district court's order granting the

motion of Allianz Global Risk U.S. Insurance Co. ("Allianz") to compel arbitration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of Allianz's claim to recover the amount it paid for repairs of an allegedly defective power generation turbine sold by GE to the Los Angeles Department of Water and Power ("LADWP"), Allianz's insured. The contract between GE and LADWP contained an arbitration clause that GE contends Allianz, as a non-signatory to the contract, cannot enforce.

The district court held that GE was equitably estopped from refusing to arbitrate under its own contractual arbitration clause, where the issues in Allianz's claim are intertwined with issues arising out of the manner in which GE performed its obligations under the GE-LADWP sales contract. The district court applied our court's decision in *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045–47 (9th Cir. 2009), while under the Supreme Court's decision in *Arthur Andersen v. Carlisle*, 129 S.Ct. 1896, 1902 (2009), the district court should have applied state law, not federal common law. The district court's misstatement of the applicable law is not material here, however.

The Federal Arbitration Act ensures that state-law rules do not treat arbitration clauses differently than other contract provisions. State law applies "*if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally.*" *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987). Under California contract and insurance law of general applicability,

2

Allianz is entitled to be subrogated to the repair claims of its insured, LADWP, to recover the loss for which Allianz has paid out compensation. *See Crowley Mar. Corp. v. Boston Old Colony Ins. Co.*, 70 Cal. Rptr. 3d 605, 609 (Cal. Ct. App. 2008) ("[E]quitable subrogation generally involves the substitution of the insurer in the position of its insured in order to seek reimbursement from responsible third parties for the loss paid the insured by the insurer."). The subrogated insurer stands in the shoes of its insured, and is entitled to its contractual rights and remedies, *see State Bar of Cal. v. Statile,* 86 Cal. Rptr. 3d 72, 81–82 (Cal. Ct. App. 2008), including specific enforcement of a contract provision. *See Konda v. Lamkin*, 66 P.2d 164, 167 (Cal. Ct. App. 1937) (rejecting as meritless the argument that an assignee had no right to seek specific performance).

As a subrogated insurer, Allianz may therefore pursue its insured's claims on a contract with a third party, even where the insurer is not in privity with the third party. *See Am. Auto Ins. Co. v. Seabord Sur. Co.*, 318 P.2d 84, 87 (Cal. Ct. App. 1958); *cf. Royal Indem. Co. v. Sec. Truck Lines*, 27 Cal. Rptr. 858, 860–61 (Cal. Ct. App. 1963). Allianz incurred a loss in paying LA Power to repair the GE-manufactured turbine. LADWP and LA Power were both insured under the policy. When Allianz paid for the repairs, thereby compensating LADWP fully for the

covered loss, Allianz became subrogated. *See, e.g., Interstate Fire & Cas. Ins. Co. v. Cleveland Wrecking Co.*, 105 Cal. Rptr. 3d 606, 615 (Cal. Ct. App. 2010).

GE relies on the solitary California Court of Appeals decision in *Valley Casework, Inc. v. Comfort Constr., Inc.*, 90 Cal. Rptr. 2d 779 (Cal. Ct. App. 1999). To the extent the court in *Valley Casework* held that a nonsignatory plaintiff could not compel arbitration against a signatory defendant, *id.* at 784–86, that holding appears to be out of step with controlling California insurance and contract law because it would treat a subrogee's entitlement to specific performance of an arbitration provision differently from other contract provisions. We may not apply a state-law rule of decision when it "takes its meaning precisely from the fact that a contract to arbitrate is at issue." *Perry*, 482 U.S. at 492 n.9. The court in *Valley Casework* was also concerned that the trial court had not decided the subrogation issue, but left it for the arbitrator to decide. 90 Cal. Rptr. 2d at 784, 786. That cannot happen here, as we hold Allianz was subrogated.

The parties' remaining contentions regarding the statute of limitations, which go to the enforceability of the contract as a whole, are for the arbitrator to decide. *See Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772, 2778–79 (2010).

**AFFIRMED**.

4