[Civ. No. 27196. First Dist., Div. Four. Dec. 18, 1970.]

CATHERINE SKIVERS, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

## Counsel

Gonick, Schmid & Bernstein and Louis M. Bernstein for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Wayman M. Robertson, Jr., Deputy Attorney General, for Defendant and Respondent.

## Opinion

**RATTIGAN, J.**—Catherine Skivers (hereinafter "plaintiff") appeals from an adverse judgment in her action against the State of California.

The undisputed facts, which are set forth in a settled statement as well as in a conventional record on appeal, include these: Plaintiff buys from California Industries for the Blind ("CIB"), a state agency, products manufactured by blind persons pursuant to Welfare and Institutions Code section 19550 et seq.[1] CIB sells the same products to other agencies of the State of California and to agencies of the federal government. Plaintiff is a wholesaler of the products, the federal agencies are retailers, and the state agencies are consumers thereof. Although plaintiff is herself a blind person, CIB sells to the governmental agencies at prices lower than it charges plaintiff for the same products.

This action, in which plaintiff seeks injunctive relief and damages, is based upon her contention that CIB's practice of selling to its governmental customers at prices which are preferential (as to plaintiff) is in violation of section 19573.[2] The trial court based its judgment (which denies plaintiff any relief) upon its conclusions of law that the practice did not violate the statute because CIB's governmental customers were not "other persons" within its meaning, and not because of the "trade level" element to which it refers.[3] While we disagree with this interpretation of the statute, we agree with the result reached; we therefore affirm the judgment. Our reasons in both respects follow.

As is evident from the opposing arguments advanced on the appeal, application of most of the familiar canons of statutory construction to the term "other persons" both supports and negates the interpretation reached by the trial court. Moreover (and as plaintiff points out), the court's resort to section 19574 (formerly § 18842, in the chronology recited in fn. 2, *ante*), as the basis of its interpretation of "other persons" as used in section 19573, is not consistent with the language of section 19572. The problem here is that the trial court chose to construe the term "other persons" alone. In our view, and by reason of the context

---

[1] All statutory references herein are to the Welfare and Institutions Code.

[2] Present section 19573 was first enacted in 1949 as section 3352 (Stats. 1949, ch. 318, § 1, p. 607), reenacted as section 18841 in 1965 (Stats. 1965, ch. 1784, § 5, p. 4118), and again reenacted, in 1969, as section 19573. (Stats. 1969, ch. 1107, § 17, p. 2128.) Although the record on appeal consequently refers to it by all three numbers, we call it section 19573. It provides (and its predecessor statutes provided) as follows: "The prices charged blind persons in any trade level . . . [by CIB, for blind-made products] . . . shall not be higher than those charged to other persons in the same trade level."

[3] Because this was not clear in the original record on appeal. we examined the trial court's file to ascertain, if we could, the basis of its decision. (3 Witkin, Cal. Procedure (1954) Appeal, § 77, par. [1], pp. 2236-2237.) The court's reasoning unmistakably appears in its written "Memorandum of Decision" filed February 7, 1969. Upon our own motion, we augmented the record on appeal to include that document. (Rule 12 (a), Cal. Rules of Court.)

presented by the entire language of section 19573, the decisive term in it is "other persons in the same trade level," not "other persons" alone, and the significant words are "trade level."

According to common usage in statutes, judicial decisions, business, and even conversation, the word "trade" includes the buying and selling of merchandise (see 42 Words and Phrases 216, 223 et seq.; Webster's Third New Int. Dict. (1967), p. 2421, "trade," 4b(1)) which passes, progressively, through the respective "levels" of manufacturer (or producer), wholesaler, retailer, and consumer. The words "trade level," therefore, convey a clear meaning. ■ This invokes the prime rule of construction that the legislative intent underlying the effect to be given a statute must be ascertained from its language; if the language is clear, "there can be no room for interpretation" (*Caminetti* v. *Pac. Mutual L. Ins. Co.* (1943) 22 Cal.2d 344, 353-354 [139 P.2d 908]; *Estate of Sharp* (1968) 257 Cal.App.2d 851, 855 [65 Cal.Rptr. 438]) and effect must be given to the plain meaning of the language. (*Estate of Sharp, supra.*)

■ The commerce in CIB-manufactured products constituted "trade" under the facts, and it is clearly contemplated to be such under the statutes controlling it (§ 19550 et seq.) Under the facts, plaintiff occupied the "trade level" of wholesaler. As CIB's federal customers were retailers, and its state customers consumers, each governmental customer occupied a different "trade level" than plaintiff's. Consequently (and within the plain meaning of section 19573, but in point of fact rather than law alone), plaintiff was not entitled to any relief by reason of the price practices followed by CIB in dealing with its governmental customers.

The judgment is affirmed.

Devine, P. J., and Christian, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 10, 1971.