[Civ. No. 25952. Fourth Dist., Div. Two. Apr. 14, 1982.]

IGA ALUMINUM PRODUCTS, INC., Plaintiff and Appellant, v. MANUFACTURERS BANK, Defendant and Respondent.

COUNSEL

Nixen & Lewis, Dan Lewis and Wayne Yee for Plaintiff and Appellant.

Reid, Babbage & Coil and James J. Manning, Jr., for Defendant and Respondent.

OPINION

THE COURT.*—Plaintiff, the provider of materials under a subcontract on a construction project, appeals from an order granting summary judgment in favor of defendant, the construction lender.[1] The

---

*Before Morris, Acting P. J., Kaufman, J., and McDaniel, J.

[1]"'Construction lender' means any mortgagee or beneficiary under a deed of trust lending funds with which the cost of the work of improvement is ... to be defrayed

motion for summary judgment, based on uncontradicted facts, was granted because the preliminary notice required by statute was not delivered by certified or registered mail. With reference to the appeal, we reject plaintiff's contention that delivery of the preliminary notice by regular first class mail represents substantial compliance with notice requirements here pertinent and therefore affirm the judgment.

## FACTS[2]

Plaintiff furnished work, labor, and materials to defendant Welch Construction Co., not a party to this appeal. Thereafter, in an attempt to comply with then Civil Code section 3097,[3] plaintiff mailed to defendant *via ordinary first class mail* a "preliminary 20-day notice (private work)" (hereinafter referred to as the notice). No allegation was made that the notice was irregular in form. However, the parties agree that the notice was not delivered by certified or registered mail as directed by section 3097, subdivision (f). Plaintiff did not receive an acknowledgment of receipt of the notice by defendant. Obviously, therefore, plaintiff could not have attached such an acknowledgment to its affida-

---

... or other party holding any funds furnished or to be furnished by the owner or lender or any other person as a fund from which to pay construction costs." (Civ. Code, § 3087.)

[2]The facts are taken from an engrossed settled statement on appeal in lieu of clerk's and reporter's transcripts.

[3]In 1977 Civil Code section 3097 stated, in pertinent part, that: "'Preliminary 20-day notice (private work)' means a written notice from a claimant that is given prior to the recording of a mechanic's lien and prior to the filing of a stop notice, and is required to be given under the following circumstances:

"(a) Except one under direct contract with the owner or one performing actual labor for wages, or an express trust fund described in Section 3111, every person who furnishes labor, service, equipment, or material for which a lien otherwise can be claimed under this title, or for which a notice to withhold can otherwise be given under this title, must, as a necessary prerequisite to the validity of any claim of lien, and of a notice to withhold, cause to be given to the owner ..., to the original contractor, ... and to the construction lender, ... a written preliminary notice as prescribed by this section....

"(f) The notice required under this section may be served as follows:

"(1) If the person to be notified resides in this state, by delivering the notice personally, or by leaving it at his address of residence or place of business with some person in charge, or by *first-class registered or certified mail*, postage prepaid, addressed to the person to whom notice is to be given at his residence or place of business address or at the address shown by the building permit on file with the authority issuing a building permit for the work, or at an address recorded pursuant to subdivision (j) of this section." (Italics added.)

All further statutory references are to the Civil Code unless noted otherwise. For the sake of clarity, section 3097 as it read in 1977 will be referred to as "section 3097" herein.

vit pursuant to then section 3097.1[4] and the declaration of service that was a part of the form notice was left blank.

Plaintiff later sued Manufacturers Bank (hereinafter defendant), the construction lender, to foreclose a mechanic's lien and to enforce a stop notice. Defendant moved for summary judgment and the motion was granted. In its order, the court stated that the only possible issue of fact established by plaintiff was whether or not defendant had actual notice that plaintiff was providing materials for the construction project. The court then noted that actual notice was legally irrelevant because section 3097 required notice, if delivered by mail, to be delivered by certified or registered mail.

The sole question to be resolved on appeal, therefore, is legal and that is whether the notice requirement of section 3097 is satisfied by actual written notice delivered by ordinary first class mail, and thus if there were a triable issue of fact raised as to whether such notice was given.

## DISCUSSION

Code of Civil Procedure section 437c provides that defendant is entitled to summary judgment "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Plaintiff argues generally that there was a triable issue of fact presented by his opposition to the motion as to whether defendant received *actual* notice that plaintiff was a provider of materials. Such an argument relies on the premise that actual written notice, even though not transmitted in strict compliance with the terms of section 3097, satisfies the statutory notice requirement. We conclude that such premise is incorrect as a matter of law and therefore hold that the order granting the motion for summary judgment was proper.

---

[4]In 1977 section 3097.1 stated in relevant part that, "[P]roof that the preliminary 20-day notice required by Section 3097 was served in accordance with subdivision (f) of Section 3097 *shall* be made as follows: (a) If served by personally delivering the notice ... or if served by mail, by an acknowledgment of receipt of the notice in a form substantially as follows: ... [There follows a form to be signed by the recipient.] (b) If a person to whom the notice is served pursuant to subdivision (f) of Section 3097 fails to complete the acknowledgment ... proof of service may be made by affidavit of the person making such service, ... If service was made by mail, the receipt of certification or registration *shall* be attached to the affidavit." (Italics added.)

Plaintiff prefaces its discussion of the issue by citing *Connolly Development, Inc.* v. *Superior Court* (1976) 17 Cal.3d 803 [132 Cal.Rptr. 477, 553 P.2d 637], for the proposition that California's mechanic's lien laws are constitutional, and do not constitute a "taking" of property without due process of law. We do not perceive that this discussion is in any way relevant to the present case. Defendant has not argued that the provisions of the California mechanic's lien laws do not adequately safeguard its right to due process. On the contrary, defendant simply contends that plaintiff failed to comply with such laws[5] and has therefore failed to perfect a lien.

Plaintiff next argues that it is the policy of the courts liberally to construe mechanic's lien laws, and proceeds with an attempt to distinguish on factual grounds those cases requiring strict compliance with the preliminary notice requirements. Plaintiff goes on to suggest that the perceived policy of liberal construction allows for substantial compliance with section 3097 and that substantial compliance was demonstrated in the present case. As plaintiff points out, there *are* cases containing the broad statement that mechanic's lien laws should be liberally construed. (*Connolly Development, Inc.* v. *Superior Court, supra*, 17 Cal.3d 803, 827; *Romak Iron Works* v. *Prudential Ins. Co.* (1980) 104 Cal.App.3d 767, 777-778 [163 Cal.Rptr. 869].) Plaintiff suggests that as long as a subcontractor or materialman gives the property owner, construction lender, and general contractor *actual* written notice, there has been substantial compliance with section 3097. Finally, plaintiff points out that defendant has not alleged prejudice resulting from plaintiff's failure to strictly comply with the terms of section 3097.

Obviously the substantial compliance doctrine has no application in the present case. In construing a statute, it is the duty of the court "simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted; ..." (Code Civ. Proc., § 1858.) ■ When the statutory language is clear there can be no room for construction of the statute. (*Skivers* v. *State* (1970) 13 Cal.App.3d 652, 655 [91 Cal.Rptr. 707].) Where there is no ambiguity in the statutory language, the power to construe it does not exist. (*People* v. *Pacific Guano Co.* (1942) 55 Cal.App.2d 845, 847-848 [132 P.2d 254].)

---

[5]In *Connolly*, the court noted that the notice requirements were a safeguard of the owner's right to due process. (17 Cal.3d at pp. 820, 822.)

Section 3097 is unambiguous as to its notice requirement, and therefore there is no room for judicial construction, liberal or otherwise. In 1977 section 3097, subdivision (f) stated that a preliminary 20-day written notice could be served in one of three ways: by personal service, by substituted service, or by registered or certified mail. Subdivision (a) of section 3097 provided that "every person who furnishes . . . material for which a lien otherwise can be claimed under this title . . . *must, as a necessary prerequisite to the validity of any claim of lien* . . . cause to be given . . . a written preliminary notice as prescribed by this section." (Italics added.) It would be difficult to imagine a less ambiguous statement than this. The statute clearly states that proper notice is a prerequisite to perfecting a mechanic's lien,·and that if service of the notice is accomplished by mail, the notice must be sent by registered or certified mail. Although other parts of section 3097 might have been ambiguous and might therefore have required judicial construction (and we have no occasion in this case to decide whether this is so), the parts of section 3097 here involved are not subject to judicial construction.

If there were any doubt that the Legislature did not intend to allow service by ordinary first class mail, that doubt is dissipated by a very brief look at the legislative history of section 3097. Until 1975, section 3097, subdivision (f), provided that "[s]ervice of notice required under this section may be given by . . . *first class* mail, registered mail, or certified mail. . . ." In that year subdivision (f) was amended so as to allow mailed notice by certified or registered mail only. This amendment makes manifest the Legislature's intention that notice by ordinary first class mail would no longer be effective under the statute.

Previous cases have also held that strict compliance with the notice requirements is a prerequisite to the perfecting of a mechanic's lien. In *Romak Iron Works* v. *Prudential Ins. Co., supra*, 104 Cal.App.3d 767, a subcontractor sued the construction lender to enforce a stop notice. The subcontractor had properly mailed a preliminary 20-day notice to the owner and general contractor. However, because it did not know there was a construction lender on the project·until sometime later, no notice was given to the construction lender. The Court of Appeal upheld the grant of a motion for summary judgment in favor of the construction lender because the subcontractor failed to give timely notice to the former in strict compliance with section 3097. The court stated, "It is true that the Legislature intended the [mechanic's lien] statutes to protect subcontractors and others [citations], but it imposed the *notice requirements* for the concurrently valid purpose of alerting

owners and lenders to the fact that the property or funds involved might be subject to claims arising from contracts to which they were not parties and would otherwise have no knowledge. [Citations.] [¶] Moreover, the *Connolly* court cited the preliminary notice requirement as a safeguard which validated the statutes against a contention that they operated to deprive affected landowners of due process of law. [Citation.] *The rule requiring [the statutes'] liberal construction may not be applied to frustrate the Legislature's manifested intent to exact strict compliance with the preliminary notice requirement.*" (*Id.* at p. 778, italics added.)

Plaintiff attempts to distinguish *Romak* on the ground that in that case no notice was given. In the present case, plaintiff alleges, written notice was actually given. The language just quoted, however, makes clear the fact that the *Romak* court upheld the grant of the motion for summary judgment because the preliminary notice requirement was not strictly complied with.

Similarly, in *Windsor Mills v. Richard B. Smith, Inc.* (1969) 272 Cal.App.2d 336 [77 Cal.Rptr. 300], this court affirmed an order sustaining a demurrer without leave to amend where a materialman failed to satisfy the requirements of former Code of Civil Procedure section 1193, which required a written 15-day preliminary notice. In *Windsor Mills*, the materialman's attorney orally informed the property owner that the owner's contractor had failed to pay for carpeting installed on the owner's premises. We held that under former Code of Civil Procedure section 1193 the verbal notice was ineffective because the statute required written notice.

As it does regarding *Romak*, plaintiff attempts to distinguish *Windsor Mills* on factual grounds. Plaintiff points out that in the present case written notice was given while in *Windsor Mills* written notice was lacking. In drawing this distinction plaintiff misses the point. In order to perfect a mechanic's lien, a preliminary notice must be given in strict compliance with the statutory requirements. Where notice does not meet those requirements a lien cannot attach to funds or property.

Plaintiff cites *Wand Corp. v. San Gabriel Valley Lbr. Co.* (1965) 236 Cal.App.2d 855 [46 Cal.Rptr. 486], as authority for the proposition that a materialman need not strictly comply with the preliminary notice requirements of section 3097. This case is inapplicable, however, because it arose under the statute establishing the requirements for a

claim of lien. The question whether the preliminary notice statute should be strictly construed was not an issue in that case.

Similarly, *Fidelity Sound Systems, Inc.* v. *American Bonding Co.* (1978) 85 Cal.App.3d Supp. 13 [149 Cal.Rptr. 674], a decision of the appellate division of the superior court, is irrelevant. Even if this court were bound by a superior court decision, the case would not apply because it arose under section 3091. That statute is not involved in the case at bench.

Plaintiff's final argument is that defendant made no showing of prejudice. Plaintiff cites *Sunlight Elec. Supply Co.* v. *McKee* (1964) 226 Cal.App.2d 47 [37 Cal.Rptr. 782], for the proposition that such a showing is required. That case arose under former Code of Civil Procedure section 1197.1, which governs notice of commencement to enforce a claim stated in a stop notice. There the court stated that plaintiff's failure to serve notice within the statutory time period would not defeat his claim unless the statute expressly provided otherwise. As discussed previously, section 3097 expressly requires that the pre-lien notice be given in a specified manner, and that fulfilling the notice requirement is a prerequisite to a lien. There is no requirement of a showing by defendant that he was prejudiced by plaintiff's failure to meet the statutory requirements.

## DISPOSITION

Because proper service of the preliminary notice is a prerequisite to perfecting a lien, and because the papers show that plaintiff failed to give notice according to section 3097, the judgment is affirmed.