[No. F001977. Fifth Dist. June 29, 1984.]

HAROLD L. JAMES, INC., Plaintiff and Appellant, v.
FIVE POINTS RANCH, INC., Defendant and Respondent.

**COUNSEL**

Sharp, Maroot & Alldredge and C. William Dahlin for Plaintiff and Appellant.

Baker, Manock & Jensen, James M. Phillips and Andrew R. Weiss for Defendant and Respondent.

**OPINION**

**VAN AUKEN, J.**\*—On April 7, 1981, plaintiff Harold L. James, Inc., filed a complaint for damages and to foreclose a mechanics lien (plus two common counts) in the Superior Court of Fresno County, naming as defendants Five Points Ranch, Inc. (hereinafter Ranch), and Reed's Trenching, Inc. (hereinafter Reed's). After answering the complaint and filing a cross-complaint for indemnity against Reed's, Ranch filed a motion for summary judgment.

---

*Assigned by the Chairperson of the Judicial Council.

The trial court granted the motion as to the cause of action to foreclose mechanics lien, and denied it as to the remainder of the complaint. Judgment for defendant Ranch, reciting that plaintiff had dismissed its remaining causes of action, was thereafter entered. Plaintiff appealed.

## I. Facts

The facts do not appear to be in dispute. Ranch and Reed's agreed that the latter would install sumps and drain tubing on the former's property; plaintiff subcontracted with Reed's to furnish material and labor. During the period that it worked on the project, on November 12, 1980, plaintiff sent by certified mail a notice to Ranch informing it that plaintiff had furnished labor, services or materials in connection with the work contracted for by Reed's. The notice, a preprinted form with spaces to insert relevant information, contained the following language: "If bills are not paid in full for labor, services, equipment or materials furnished or to be furnished, the improved property may be subject to mechanic's liens." This sentence appeared in rather small print in the lower right quadrant of the notice, just above the date and signature spaces. Ranch received the notice on November 13, 1980.

After completion of the work in question, Ranch paid Reed's in full, but the latter did not pay plaintiff for its services and materials. Plaintiff recorded a mechanic's lien as to Ranch's real property on January 30, 1981. The litigation followed.

The trial court ruled in granting the motion for summary judgment that case law required that the statutes governing form and content of the relevant notice be strictly complied with, and that plaintiff's notice was defective since it did not comply exactly with the statute.

## II. Discussion

The essence of plaintiff's argument on appeal is that failure to use the precise language in its notice required by Civil Code section 3097, subdivision (c)(5)[1] does not rob the notice of legal effectiveness, or in the

---

[1]Civil Code section 3097 provides, in relevant part: " 'Preliminary 20-day notice (private work)' means a written notice from a claimant that is given prior to the recording of a mechanic's lien and prior to the filing of a stop notice, and is required to be given under the following circumstances:

"  .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(c) The preliminary notice referred to in subdivisions (a) and (b) shall be given not later than 20 days after the claimant has first furnished labor, service, equipment, or materials to the jobsite, and shall contain the following information:

"  .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(5) The following statement in boldface type:

phraseology of plaintiff, that the notice sent to Ranch substantially complied with the governing statute.

The courts have taken opposite approaches to the *procedural aspects* of the mechanic's lien law. *IGA Aluminum Products, Inc.* v. *Manufacturers Bank* (1982) 130 Cal.App.3d 699 [181 Cal.Rptr. 859] (relied upon by Ranch) and *Romack Iron Works* v. *Prudential Ins. Co.* (1980) 104 Cal.App.3d 767 [163 Cal.Rptr. 869] (upon which the trial court based its decision) both applied a strict compliance analysis to section 3097 under factual circumstances involving service of the notice called for by that section.

On the other hand, *Wand Corp.* v. *San Gabriel Valley Lbr. Co.* (1965) 236 Cal.App.2d 855 [46 Cal.Rptr. 486] concluded that, with limited exceptions, the mechanic's lien law should be given a liberal construction to avoid the determination of important property interests by technical defects of form.

In *IGA Aluminum Products, Inc.* v. *Manufacturers Bank, supra,* 130 Cal.App.3d 699, a subcontractor mailed a notice proper in form to a construction lender, but neglected to utilize registered or certified mail, as required by section 3097, subdivision (f)(1). (*Id.,* at pp. 701-702.) At trial of its action to enforce the mechanic's lien, the lender was granted summary judgment. (*Id.,* at pp. 700, 702.)

The Court of Appeal affirmed. It noted that the legislative history of section 3097 evidenced a legislative intent that service of the notice by ordinary first class mail be prohibited, since previous statutory language permitting same had been specifically amended so as to require registered or certified mail. (*Id.,* at p. 704.) The appellate court further stated that "the substantial compliance doctrine has no application in the present case. In construing a statute, it is the duty of the court 'simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted; . . .' (Code Civ. Proc., § 1858.) When the statutory language is clear there can be no room for construction of the statute. [Citation.] Where there is no ambiguity in the statutory language, the power to construe it does not exist. [Citation.]" (*Id.,* at p. 703.)

---

"Notice to Property Owner

"If bills are not paid in full for the labor, services, equipment, or materials furnished or to be furnished, a mechanic's lien leading to the loss, through court foreclosure proceedings, of all or part of your property being so improved may be placed against the property even though you have paid your contractor in full. You may wish to protect yourself against this consequence by (1) requiring your contractor to furnish a signed release by the person or firm giving you this notice before making payment to your contractor or (2) any other method or device which is appropriate under the circumstances."

All further statutory references are to the Civil Code unless otherwise indicated.

*Romack Iron Works* v. *Prudential Ins. Co., supra,* 104 Cal.App.3d 767, also imposed a "strict compliance" requirement as to the preliminary notice provisions of the mechanic's lien law. In that case, a subcontractor who had agreed to furnish labor and materials to a construction site mailed to the owner of the subject property a preliminary notice which listed the construction lender as "Not Known." (*Id.,* at pp. 770-771.) In fact, the defendant insurance company was, at the time the notice was served, construction lender for the project and had been so designated on a deed of trust recorded with the proper authorities. (*Ibid.*) The construction lender did not receive a copy of the preliminary notice until long after the work which was the subject of the notice had been completed. (*Id.,* at p. 772.) When the contractor for the project went bankrupt, the subcontractor attempted to enforce its mechanic's lien in an action against the construction lender. (*Id.,* at pp. 771-772.) The trial court granted the lender's motion for summary judgment. (*Id.,* at p. 772.)

The Court of Appeal affirmed. It rejected the subcontractor's contention that failure to serve a timely notice on the lender was excused by the fact that the contractor had erroneously stated that there was no construction lender, concluding that subdivision (b) of section 3097 imposed an obligation on the subcontractor to either determine the identity of the lender by searching title records or utilize other statutory "fail-safe" methods such as mailing a notice to the job site addressed to "construction lender," as provided by section 3097, subdivision (f). (*Id.,* at pp. 773-776.) Of particular importance to the present appeal, the court in *Romack* also held that the subcontractor's mailing of a notice to the owner of the property did not comply with section 3097 as to the construction lender, rejecting the plaintiff's theory that the statute should be given a liberal construction permitting service on the owner to equate with service on the construction lender: "It is true that the Legislature intended the statutes to protect subcontractors and others [citation], but it imposed the notice requirements for the concurrently valid purpose of alerting owners and lenders to the fact that the property or funds involved might be subject to claims arising from contracts to which they were not parties and would otherwise have no knowledge. [Citations.] [¶] . . . The rule requiring . . . liberal construction [of the statutes] may not be applied to frustrate the Legislature's manifested intent to exact strict compliance with the preliminary notice requirement. There was no semblance of such compliance here." (*Id.,* at p. 778.)

In *Wand Corp.* v. *San Gabriel Valley Lbr. Co., supra,* 236 Cal.App.2d 855, a subcontractor sued to foreclose a mechanic's lien against the owner of property as to which the subcontractor had furnished labor and materials. (*Id.,* at p. 856.) The trial court granted the owner's motion for summary judgment based upon the contention that the lien document was invalid for

having erroneously entered, in the space provided for identification of the contractor, the word "claimant." (*Id.*, at p. 857.) (Former Code Civ. Proc., § 1193.1, subd. (j)(4) required that the claim of lien contain " 'the name of the person by whom [the subcontractor] was employed or to whom he furnished the materials.' " (*Ibid.*; see § 3084, subd. (4).))

The Court of Appeal reversed, holding that where (1) a prelien notice correctly designated the party to whom labor and materials were furnished (as had been established by the record on appeal) and (2) the lien document itself was not fraudulent nor misleading to the owner of the property, a mistake in designation of the contractor in the lien document did not preclude enforcement of the lien. (*Wand Corp.* v. *San Gabriel Valley Lbr. Co.*, *supra*, 236 Cal.App.2d at p. 862.) After a thorough discussion of the conflict in decisional law regarding strict or liberal construction of the mechanic's lien statutes, the court concluded: "If there is a single unifying thread which explains most, though not all, of the bewildering array of cases in this field, it is the principle that where the purpose of the requirement of [the relevant statute] is achieved and no one is prejudiced, technical requirements shall not stand in the way of achieving the purpose of the Mechanics Lien Law. Professor Bottomley, in a recent article felt justified in saying this: 'The decisions dealing with defective claims of lien seem generally to be in accord with the objectives of [the relevant statutes]. In the absence of a showing of intent to defraud (extremely difficult to prove) the courts have almost uniformly upheld the claim unless the defect is one which would not charge the owner or, more importantly, a new owner with constructive notice of the claims.' [Citation.]" (*Id.*, at pp. 861-862, fn. omitted.)

■ We do not regard the three cases discussed above as being irreconcilable. The general principles of liberal construction enunciated in *Wand Corp.* are still good law, subject to this refinement, added by *Romack* and *IGA Aluminum Products*: where the Legislature has provided a detailed and specific mandate as to the manner or form of serving notice upon an affected party that its property interests are at stake, any deviation from the statutory mandate will be viewed with extreme disfavor. Thus, in *Romack Iron Works*, *supra*, 104 Cal.App.3d 767, the failure to notify the construction lender of the furnishing of labor and materials was inexcusable because the then-existing statutes provided detailed and specific alternate methods of notification which could readily have satisfied the subcontractor's statutory obligation to provide such notice despite its asserted ignorance or confusion as to the identity or existence of such a lender. Similarly, in *IGA Aluminum Products*, *supra*, 130 Cal.App.3d 699, the party charged with notifying the construction lender ignored an unambiguous statutory directive to use a particular manner of service—registered or certified mail—and instead utilized a manner of service explicitly rejected by the Legislature.

■ In the 1976 amendment of section 3097[2] which specified the form of preliminary notice to be sent to the owner of affected property, the Legislature unmistakably expressed its dissatisfaction with the former statutory language and the manner of its presentation, and mandated that the notice should thereafter be headed by a boldface alert to the property owner and contain explicit warning of the danger of losing his property in connection with the labor or materials which were or were to be furnished by the subcontractor giving the notice. That the Legislature was concerned with making the notification process as conspicuous to the owner as possible is also reflected in the simultaneous amendment (discussed in *IGA Aluminum Products, supra,* 130 Cal.App.3d at p. 704) requiring that the notice be served by personal service, or registered or certified mail. By specifically rejecting the old form of notice, the Legislature precluded any judicial finding that use of the former statutory notice would "substantially comply" with the directive of section 3097, subdivision (c)(5).

Having concluded that the Legislature's explicit mandate requires a finding that, as a matter of law, plaintiff's use of outdated statutory language in its preliminary notice did not substantially comply with section 3097, we need not speculate as to what, if any, deviations from the currently specified statutory lien language might permit a court to determine that such deviations did not render the subsequent lien unenforceable. The extremes are easily characterized; a misplaced comma, or incorrect spelling, would not necessarily render an otherwise perfect notice invalid. Likewise, a complete failure to include the modifications made by the 1976 amendment to section 3097, as occurred in the present case, manifestly does make the resultant lien invalid.

By our holding today, we conclude that the *transmittal* methods and *notice* requirements must be strictly construed. However, the issue of minor errors in the *body* of the notice must be independently addressed on a case-by-case basis, if and when such a case is presented.

Based on the above stated reasons, the judgment granting the motion for summary judgment is affirmed.

Franson, Acting P. J., and Hanson (P. D.), J., concurred.

---

[2]Statutes 1976, chapter 396, section 1, page 1045.