184 Cal.App.3d 361 (1986)
228 Cal. Rptr. 842
SAN JOAQUIN BLOCKLITE, INC., Plaintiff and Respondent,
v.
LLOYD J. WILLDEN et al., Defendants and Appellants. SAN JOAQUIN BLOCKLITE, INC., Plaintiff and Appellant,
v.
LLOYD J. WILLDEN et al., Defendants and Respondents.
Docket Nos. F004221, F004346.
Court of Appeals of California, Fifth District.
August 8, 1986.
*362 COUNSEL
Chinello, Chinello, Shelton & Auchard, John M. Shelton and Daniel I. Aller III for Plaintiff and Appellant and Plaintiff and Respondent.
*363 Lerrigo, Walters, Snyder, Nibler, Moss & Berryman, Lerrigo, Snyder, Nibler, Moss & Berryman and Catherine Adams Bennett for Defendants and Appellants and Defendants and Respondents.
[Opinion certified for partial publication.[]]
OPINION
BEST, J.
These separate appeals were consolidated by order of this court. Both appeals arise from an action by plaintiff, San Joaquin Blocklite, Inc. (Blocklite) against defendants Willden Construction Company (Willden) and Canadian Indemnity Company (Canadian), Michael T. Miller and the State of California. Miller and the State of California are not parties to these appeals. Blocklite's second amended complaint alleged pertinent causes of action as follows: (I) breach of contract, (II) enforcement of stop notice, (III) account stated, (IV) enforcement of bond, (V) quantum meruit, (VI) money had and received, and (VII) open book account. Causes of action I, III, V, VI and VII were against Willden and Michael T. Miller on the theory they were coventurers. Following the filing of motions by the parties, the trial court entered its order for partial summary judgment, holding that Blocklite had substantially complied with the notice requirements of Civil Code[1] sections 3098 and 3091 with regard to causes of action II and IV. The trial court also entered its order for summary adjudication of issues dismissing causes of action I, III, V, VI and VII.
A court trial was subsequently held on causes of action II and IV which resulted in a judgment being entered in favor of Blocklite and against Canadian on its payment bond for $32,817.33, with interest, plus an attorney fee of $10,000. The judgment also provided all moneys held by the State of California pursuant to Blocklite's stop notice be paid to Blocklite and that said moneys would be an offset against the judgment against Canadian.
Willden and Canadian appeal from the judgment. Blocklite filed a separate appeal from that portion of the court's earlier order dismissing causes of action I, III, V, VI and VII.

THE FACTS
Defendant Willden was the general contractor on a state highway project known as the Atwater Sound Wall. Defendant Michael T. Miller, doing business as Miller Masonry, did the masonry work necessary to build the sound wall on Highway 99 in Merced. Plaintiff Blocklite supplied Miller with the block for the wall. Miller failed to pay for all of the material supplied by Blocklite.
*364 Before entering upon the construction of the sound wall, Willden, as principal, and Canadian, as surety, made, executed and filed a payment bond with the Department of Transportation of the State of California (Caltrans) as required by sections 3247 and 3248.
The only evidence of compliance shown by Blocklite with the prerequisite notice under section 3098 (for the second cause of action) was a form routinely sent by Caltrans whenever the state requires that certain materials be tested. The only evidence of compliance shown by Blocklite with the prerequisite notice under section 3091 (for the fourth cause of action) was a letter sent to Willden dated January 7, 1981. However, it is apparently conceded by defendants Willden and Canadian that Willden had actual notice that Blocklite was a material supplier and that Miller's account was not completely paid.

DISCUSSION

I

Did Blocklite comply with section 3098?
Willden and Canadian contend that Blocklite may not recover under its stop notice, since it did not send a preliminary 20-day notice as required by section 3098. Section 3098 provides in pertinent part: "`Preliminary 20-day notice (public work), stop notice' means a written notice from a claimant that was given prior to the filing of a stop notice on public work, and is required to be given under the following circumstances:
"(a) In any case in which the law of this state affords a right to a person furnishing labor or materials for a public work who has not been paid therefor to file a stop notice with the public agency concerned, and thereby cause the withholding of payment from the contractor for the public work, any such person having no direct contractual relationship with the contractor ... may file such a notice, but no payment shall be withheld from any such contractor, pursuant to any such notice, unless such person has caused written notice to be given to such contractor, and the public agency concerned, not later than 20 days after the claimant has first furnished labor, services, equipment, or materials to the jobsite, stating with substantial accuracy a general description of labor, service, equipment, or materials furnished or to be furnished, and the name of the party to whom the same was furnished. Such notice shall be served by mailing the same by first-class mail, registered mail, or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or by personal service...." Blocklite admitted not sending a preliminary 20-day notice as required by section 3098, but argued to the trial court that Lloyd Willden's actual knowledge of the material supplier, *365 plus a notice sent by the state to the effect that the materials would have to be tested, either excused compliance or constituted a kind of substantial compliance. The question thus presented is: Does section 3098 require strict compliance with its notice provisions? In its order for partial summary judgment, the trial court found: "1. That the Letter from the State of California dated September 11, 1980 (Exhibit `H' to the Deposition of the Defendant, LLOYD J. WILLDEN) was sufficient preliminary notice by the Plaintiff, SAN JOAQUIN BLOCKLITE, INC., a California corporation, doing business as BLOCKLITE, to LLOYD J. WILLDEN, as the general contractor, under the requirements of California Civil Code Section 3098; ..." By this finding, the trial court accepted, in effect, Blocklite's contention that where the general contractor has actual notice of the existence and identity of a material supplier, compliance with the transmittal methods and notice requirements of the statute is not required.
In Harold L. James, Inc. v. Five Points Ranch, Inc. (1984) 158 Cal. App.3d 1 [204 Cal. Rptr. 494], this court noted that the courts have taken opposite approaches to the procedural aspects of the mechanic's lien law. We noted that in IGA Aluminum Products, Inc. v. Manufacturers Bank (1982) 130 Cal. App.3d 699 [181 Cal. Rptr. 859] and Romack Iron Works v. Prudential Ins. Co. (1980) 104 Cal. App.3d 767 [163 Cal. Rptr. 869], a strict compliance analysis to section 3097 (§ 3097 prescribes the preliminary notice required to recover under stop notices in private works) was applied under factual circumstances involving service of the notice called for by that section. We further noted in Wand Corp. v. San Gabriel Valley Lbr. Co. (1965) 236 Cal. App.2d 855 [46 Cal. Rptr. 486], the court concluded that, with limited exceptions, the mechanic's lien law should be given a liberal construction to avoid the determination of important property interests by technical defects of form.
After discussing the three cases mentioned above, we concluded as follows: "We do not regard the three cases discussed above as being irreconcilable. The general principles of liberal construction enunciated in Wand Corp. are still good law, subject to this refinement, added by Romack and IGA Aluminum Products: where the Legislature has provided a detailed and specific mandate as to the manner or form of serving notice upon an affected party that its property interests are at stake, any deviation from the statutory mandate will be viewed with extreme disfavor....
".... .... .... .... .... .... .
"By our holding today, we conclude that the transmittal methods and notice requirements must be strictly construed. However, the issue of minor errors in the body of the notice must be independently addressed on a case-by-case *366 basis, if and when such a case is presented." (Harold L. James, Inc. v. Five Points Ranch, Inc., supra, 158 Cal. App.3d 1, 6-7.)
(1a) We can perceive of no good reason why the same rule should not apply to public works. Accordingly, we hold that the transmittal methods and notice requirements of section 3098 must be strictly construed, and that Blocklite failed to comply with section 3098 in the present case.

II

Did Blocklite comply with section 3091?
Section 3091 provides in pertinent part: "`Ninety-day public works preliminary bond notice' means a notice which must be given by any claimant other than one of the following:
".... .... .... .... .... .... .
"(b) A claimant who has a direct contractual relationship with the original contractor.
"The notice is required only on public works, and is a necessary prerequisite to enforcement of a claim on a payment bond. The notice shall be in writing and shall state with substantial accuracy the amount claimed, and the name of the party to whom the claimant furnished labor, services, equipment, or materials. The notice shall be given within 90 days from the date on which the claimant furnished the last labor, services, equipment, or materials for which such claim is made.
"The notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the original contractor at any place he maintains an office, or conducts his business, or his residence, or by personal service."
Under section 3091, a written 90-day notice to the general contractor is a condition precedent to enforcement of a claim on a payment bond given in connection with a public work. (§ 3252.)
In the instant case, Blocklite failed to mail the notice by registered or certified mail as required by the statute. The trial court found that there was substantial compliance with section 3091 because of the fact that Willden had solicited and admitted to receiving Blocklite's letter of January 7, 1981, setting forth the amount of Miller's past due account. Blocklite concedes that it did not mail, by certified or registered mail, the 90-day public works *367 preliminary bond notice as required by section 3091 and relies principally on Fidelity Sound Systems, Inc. v. American Bonding Co. (1978) 85 Cal. App.3d Supp. 13 [149 Cal. Rptr. 674] to support the trial court's substantial compliance ruling.
In Fidelity Sound Systems, a decision by the appellate division of the superior court, an electrical supplier sued a general contractor and its bonding company for failure of the electrical subcontractor for the general contractor on a job for a city school district to pay for materials purchased from the electrical supplier. The general contractor had paid the subcontractor for the materials, but the latter did not pay the supplier. The supplier filed a stop notice with the school district, and the contract section of the district forwarded to the claims paying section a memorandum regarding a stop notice. The general contractor and its bonding company received copies of this memorandum. The defendants contended that the electrical supplier failed to comply with the preliminary bond notice requirements of section 3091 and was thus disenabled from maintaining the action. Specifically, defendants urged that the memorandum was insufficient because, inter alia, it was not mailed by registered or certified mail.
The court failed to construe the statutory language, instead finding that the fact that the defendants received the memorandum was sufficient notice.
We are, of course, not bound by Fidelity Sound Systems and, moreover, the holding in that case is not in accord with the recent appellate court decisions construing similar statutes. We have previously noted that strict compliance with the preliminary notice provisions of section 3097 relating to mechanic's liens and stop notices in connection with private works of improvement is required. (Harold L. James, Inc. v. Five Points Ranch, Inc., supra, 158 Cal. App.3d 1; IGA Aluminum Products, Inc. v. Manufacturers Bank, supra, 130 Cal. App.3d 699; Romack Iron Works v. Prudential Ins. Co., supra, 104 Cal. App.3d 767; see also Truestone, Inc. v. Simi West Industrial Park II (1984) 163 Cal. App.3d 715, 721 [209 Cal. Rptr. 757].)
(2) In our view, the court's statement in IGA Aluminum Products regarding section 3097 applies with equal force to section 3091: "Obviously the substantial compliance doctrine has no application in the present case. In construing a statute, it is the duty of the court `simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted; ...' (Code Civ. Proc., § 1858.) When the statutory language is clear there can be no room for construction of the statute. (Skivers v. State (1970) 13 Cal. App.3d 652, 655 [91 Cal. Rptr. 707].) Where there is no ambiguity in the statutory language, the power to construe it does not exist. (People v. Pacific Guano *368 Co. (1942) 55 Cal. App.2d 845, 847-848 [132 P.2d 254].)" (IGA Aluminum Products, Inc. v. Manufacturers Bank, supra, 130 Cal. App.3d at p. 703.)
We agree with Blocklite's observation that the purpose of the notice provision of sections 3097 and 3091 is essentially the same  to alert the owner or general contractor (and his bonding company) that someone with whom the owner or contractor has no direct contractual relationship is asserting a claim. Being so alerted, the owner or general contractor can take steps to avoid double payment of said claim.
We also agree with Blocklite's further observation that since the purpose of the notice provisions of the two sections is essentially the same, the sections should be construed in the same manner.
(1b) We therefore hold that the transmittal methods and notice requirements of section 3091 must be strictly construed.

III[*]

Did the trial court err in granting a motion for summary judgment on the issue of whether Willden and Miller were engaged in a joint venture?
.... .... .... .... .... .... .

DISPOSITION
The judgment in favor of Blocklite and against Willden and Canadian is reversed.
The order dismissing causes of action I, III, V, VI and VII of Blocklite's second amended complaint is affirmed.
Willden and Canadian to have their costs on appeal.
Franson, Acting P.J., and Martin, J., concurred.
NOTES
[] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part III.
[1] All statutory references are to the Civil Code unless otherwise noted.
[*] See footnote on page 361, ante.