Filed 2/8/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| HUB CONSTRUCTION SPECIALTIES, INC., <br><br>       Plaintiff and Appellant, <br><br>       v. <br><br> ESPERANZA CHARITIES, INC., <br><br>       Defendant and Respondent. | B263398 <br><br> (Los Angeles County <br> Super. Ct. No. GC050916) |

APPEAL from a judgment of the Superior Court for the County of Los Angeles. John P. Doyle, Judge.  Reversed and remanded.

Howard Goodman for Plaintiff and Appellant.

Romero Law and Alan J. Romero for Defendant and Respondent.

_____

## SUMMARY

A preliminary written notice to the property owner is a necessary prerequisite to the validity of a mechanic's lien. The issue in this case is whether a mechanic's lien is invalid because the plaintiff lienholder did not strictly comply with the then-effective statutory requirement governing *proof* that the preliminary written notice was served on the defendant property owner by certified mail.

The defendant stipulated that the notice *was* served by certified mail, that the U.S. Postal Service website tracking certified mail items showed the notice was delivered, and that defendant actually received the notice. Despite these stipulations, the defendant contends the lien is invalid because the plaintiff has no return receipt, and the statute applicable at the time required plaintiff to prove the notice was served by "affidavit . . . accompanied either by the return receipt of certified or registered mail, or by a photocopy of the record of delivery and receipt maintained by the post office, showing the date of delivery and to whom delivered . . . ." (Former Civ. Code, § 3097.1, subd. (a); Stats. 2010, ch. 697, § 16 [repealed].) The trial court agreed and dismissed the case, concluding that plaintiff had not strictly complied with the statute.

We reverse the judgment. While strict compliance with the *notice* provisions of the mechanic's lien law is required, the applicable precedents do not require or justify applying that rule to the statutory provisions governing *proof* that the required notice was properly given. A stipulation eliminates the need for proof. Accordingly, where it is stipulated that notice was given in the statutorily prescribed manner, to require further proof would elevate form over substance to a degree that cannot be countenanced in light of the long-established principle that the mechanic's lien law is "remedial legislation, to be liberally construed for the protection of laborers and materialmen." (*Connolly Development, Inc. v. Superior Court of Merced County* (1976) 17 Cal.3d 803, 826-827 (*Connolly*).)

## FACTS

The parties stipulated to the pertinent facts as follows.

2

Plaintiff Hub Construction Specialties, Inc., supplied rebar and other materials to the general contractor on a construction project on property owned by defendant Esperanza Charities, Inc. The general contractor failed to pay plaintiff $81,857.55 for the materials, a claim plaintiff has determined is uncollectible.

On March 16, 2012, "[plaintiff] caused a 'California Preliminary Notice' to be mailed by Certified Mail, to [the general contractor], [defendant], and the project construction lender, . . . as attested to by Proof of Service executed 9/28/12."

Plaintiff "furnished postage to the U.S. Postal Service sufficient to serve all certified mail items and possesses a 'Certified Mailer Manifest for: 3-16-12' reflecting [the general contractor, defendant and the construction lender] as addressees and bearing an Official Stamp of the U.S. Postal Service."

Plaintiff did not request, and did not pay a fee to the U.S. Postal Service for, a "return receipt" for the notices.

"The U.S. Postal Service website tracks certified mailed items and the tracking for the certified mailed items indicates that they were all delivered. Further, [defendant] has acknowledged in verified discovery responses that it received the preliminary notice which [plaintiff] served. There is no signed return receipt."

On December 12, 2012, defendant recorded a notice of completion, reciting that the project was completed on December 3, 2012. On December 27, 2012, plaintiff recorded a mechanic's lien against the property in the claim sum of $81,857.55. On February 6, 2013, plaintiff filed a complaint to foreclose the mechanic's lien.

The value of the rebar that plaintiff furnished to the project from February 24, 2012 (20 days prior to the preliminary notice) was $53,070.18, and interest through December 1, 2014, amounted to $9,287.25. Plaintiff sought a judgment for foreclosure of the mechanic's lien, and defendant sought a judgment that the lien was invalid and an order expunging the lien.

The case was initially scheduled for a court trial on the stipulated facts, but the court ordered a modified summary judgment procedure instead (without separate statements, and based on the stipulated facts). After a hearing, the trial court denied

3

plaintiff's motion for summary judgment and ordered the property released from plaintiff's lien. The court found plaintiff "cannot provide sufficient proof of service by documentation of the return receipt of certified mail, [or] a photocopy of the record of delivery and receipt maintained by the post office, showing the date of delivery and to whom delivered . . . as required under the statute in effect at the time the effectiveness of the preliminary notice as given is sought to be established."

Plaintiff filed a timely notice of appeal.

## DISCUSSION

Plaintiff contends the absence of a return receipt does not bar enforcement of the mechanic's lien, because proof of service is unnecessary where service by certified mail has been admitted. Defendant contends the law in effect when plaintiff served the preliminary notice applies and must be strictly construed; because that law required a "return receipt" or a "record of delivery" to prove service of the notice, neither of which plaintiff has, plaintiff's lien is unenforceable.[1]

We conclude from the relevant authorities that, while the principle of strict construction applies to "the manner or form of serving notice upon an affected party" (*Harold L. James, Inc. v. Five Points Ranch, Inc.* (1984) 158 Cal.App.3d 1, 6 (*Harold L. James*)), it does not extend to matters of proof in a case where the defendant has admitted that notice was served in the statutorily prescribed manner.

We begin by reciting the statutory provisions in effect when the preliminary notice was served, and then turn to the relevant case authorities.

---

[1] The "certified mailer manifest" shows plaintiff's payment for certified mail items on March 16, 2012, addressed to defendant, the contractor, and the construction lender, but does not show the date of delivery. Former Civil Code section 3097.1 required, as proof of service by mail, an affidavit accompanied by either the return receipt or "a photocopy of the record of delivery and receipt maintained by the post office, showing the date of delivery and to whom delivered . . . ." (*Id.*, subd. (a).)

4

## 1.    The Statutory Background

Under current law, this case would not be before us.  The law that became operative on July 1, 2012 – several months after plaintiff served the preliminary 20-day notice, but before execution of plaintiff's affidavit of service – expanded methods of giving notice and methods of proving that notice was given.  Defendant concedes that, under current law, the "certified mailer manifest" proffered by plaintiff "might well have sufficed as a record of 'payment.' "[2]  The statutes that were operative until July 1, 2012, however, stated as follows:

Former Civil Code section 3097 provided that:  "[E]very person who furnishes . . . material for which a lien . . . otherwise can be claimed under this title, . . . shall, as a necessary prerequisite to the validity of any claim of lien, . . . cause to be given to the owner or reputed owner, to the original contractor, or reputed contractor, and to the construction lender, if any, or to the reputed construction lender, if any, a written preliminary notice as prescribed by this section." (*Id.*, subd. (a).)  Further:  "The notice required under this section may be served as follows:  [¶]  . . . by first-class registered or certified mail, postage prepaid, addressed to the person to whom notice is to be given at his or her residence or place of business address . . . ." (*Id.*, subd. (f)(1); ); Stats. 2010, ch. 697, § 16 [repealed].)

Former Civil Code section 3097.1 provided that:  "Proof that the preliminary 20-day notice required by Section 3097 was served in accordance with subdivision (f) of Section 3097 shall be made as follows:  [¶]  (a)  If served by mail, by the proof of service affidavit described in subdivision (c) of this section accompanied either by the return receipt of certified or registered mail, or by a photocopy of the record of delivery and receipt maintained by the post office, showing the date of delivery and to whom delivered, or, in the event of nondelivery, by the returned envelope itself."

---

[2]    Notice by mail now may be proved using several different documents, including "[d]ocumentation provided by the United States Postal Service showing that payment was made to mail the notice using registered or certified mail, or express mail." (Civ. Code, § 8118, subd. (b)(1).)

Former Civil Code section 3114 provided that: "A claimant shall be entitled to enforce a lien only if he has given the preliminary 20-day notice (private work) in accordance with the provisions of Section 3097, if required by that section, and has made proof of service in accordance with the provisions of Section 3097.1." (Stats. 2010, ch. 697, § 16 [repealed].)

Current law states that, notwithstanding its July 1, 2012 operative date, "the effectiveness of a notice given or other action taken on a work of improvement before July 1, 2012, is governed by the applicable law in effect before July 1, 2012, and not by this part." (Civ. Code, § 8052, subds. (a) & (b).)

## 2.     Case Authorities

We begin by noting the well-established principle that the mechanic's lien law is "remedial legislation, to be liberally construed for the protection of laborers and materialmen." (*Connolly, supra,* 17 Cal.3d at pp. 826-827.) At the same time, the Legislature "imposed the notice requirements for the concurrently valid purpose of alerting owners and lenders to the fact that the property or funds involved might be subject to claims arising from contracts to which they were not parties and would otherwise have no knowledge." (*Romak Iron Works v. Prudential Ins. Co.* (1980) 104 Cal.App.3d 767, 778 (*Romak*).) The liberal construction rule "may not be applied to frustrate the Legislature's manifested intentto exact strict compliance with the preliminary notice requirement." (*Ibid.*)

Several Court of Appeal cases tell us that strict compliance with the notice requirements of former Civil Code section 3097 is necessary (although another case, described *post*, validated a mechanic's lien against an owner who was properly served with notice, even though the subcontractor failed to comply with the statutory requirement of sending notice to the contractor). Still other cases tell us that substantial compliance with other provisions of the mechanic's lien law suffices under some circumstances. There is no published authority determining whether strict compliance with the proof of service provisions of former section 3097.1 is required. Here is a brief review:

6

*IGA Aluminum Products, Inc. v. Manufacturers Bank* (1982) 130 Cal.App.3d 699 (*IGA*) is the principal case cited for the proposition that notice requirements are to be strictly construed. In *IGA*, the question on appeal was "whether the notice requirement of [Civil Code] section 3097 is satisfied by actual written notice delivered by ordinary first class mail, and thus if there were a triable issue of fact raised as to whether such notice was given." (*Id.* at p. 702.) The court rejected the premise of the plaintiff's argument: "that actual written notice, even though not transmitted in strict compliance with the terms of section 3097, satisfies the statutory notice requirement." (*Ibid.*) "We conclude that such premise is incorrect as a matter of law," and so summary judgment was proper. (*Ibid.*; see *id.* at pp. 703, 704 ["[o]bviously the substantial compliance doctrine has no application in the present case"; former section 3097 was "unambiguous as to its notice requirement, and therefore there is no room for judicial construction, liberal or otherwise"]; see also *Romak, supra,* 104 Cal.App.3d at pp. 778, 773 [the plaintiff failed to give preliminary 20-day notice to the defendant construction lender; notice given to owner did not suffice; compliance was not excused by lack of knowledge of the identity of the lender, as the statute allowed plaintiff to mail notice to the job site; statute "imposed on [the plaintiff] an absolute obligation ('must') to give a preliminary 20-day notice to [the construction lender] 'as a necessary prerequisite to the validity' of any stop notice given it later"].)

On the other hand, in *Industrial Asphalt, Inc. v. Garrett Corp.* (1986) 180 Cal.App.3d 1001 (*Industrial Asphalt*), the plaintiff served the required preliminary 20-day notice on the defendant owner, but did *not* serve the required notice on the original contractor (who later declared bankruptcy). (*Id.* at p. 1005.) The Court of Appeal reversed the trial court's invalidation of the lien, stating: "To construe the statute strictly would require us to invalidate a lien against an owner who received notice because someone else, the original contractor, did not receive notice. That strict statutory construction would allow a party who received the required notice to be insulated from liability because another party did not receive notice. We do not believe that the statute's purpose should, or does, lead to this aridly formalistic result. We hold that the plaintiff's

notice to the defendant satisfied the prerequisites for a valid lien against the defendant, and we reverse the trial court's judgment." (*Id.* at p. 1006; see *id.* at p. 1007 ["where the lien claimant has observed the property owner's right to notice, he should be allowed to proceed to perfect his lien. We see no reason, in the absence of prejudice to the property owner [citations], why the subcontractor's failure to serve notice upon an original contractor should render unenforceable a lien against an owner who *did* receive proper notice. To hold otherwise would allow the statute to frustrate enforcement of the constitutional remedy instead of to effectuate it."]; *id.* at p. 1008 ["statutory notice to the original contractor would have been a useless, even futile act which the law does not require"].)

Several other cases involve other aspects of former Civil Code section 3097, and other provisions of the mechanic's lien law, and confirm that strict compliance with the law is not always required.

The court in *Harold L. James* reviewed cases such as *IGA* and *Romak* requiring strict compliance, as well as cases finding that other mistakes in lien documents did not preclude enforcement of the lien. (E.g., *Wand Corp. v. San Gabriel Valley Lumber Co.* (1965) 236 Cal.App.2d 855 (*Wand Corp.*) [mistake in failing to designate the contractor in the lien document did not preclude enforcement of the lien, where the contractor was correctly designated in the prelien notice, and the document itself was not fraudulent or misleading].)

*Harold L. James* distilled the following principle reconciling cases requiring strict compliance and cases calling for liberal construction of lien statutes: "The general principles of liberal construction enunciated in *Wand Corp.* are still good law, subject to this refinement . . . : where the Legislature has provided a detailed and specific mandate *as to the manner or form of serving notice upon an affected party that its property interests are at stake,* any deviation from the statutory mandate will be viewed with extreme disfavor." (*Harold L. James, supra,* 158 Cal.App.3d at p. 6.)

*Harold L. James* involved former Civil Code section 3097 requirements for the content of the preliminary 20-day notice. The statute required "a boldface alert to the

8

property owner" with "explicit warning of the danger of losing his property in connection with the labor or materials which were or were to be furnished by the subcontractor giving the notice." (*Harold L. James, supra,* 158 Cal.App.3d at p. 7.) The plaintiff's notice used outdated statutory language "in rather small print" (*id.* at p. 3), and the Court of Appeal observed that the Legislature, in amending the statute in 1976, "unmistakably expressed its dissatisfaction with the former statutory language and the manner of its presentation" and "was concerned with making the notification process as conspicuous to the owner as possible" (*id.* at p. 7). The court concluded that "the Legislature's explicit mandate requires a finding that, as a matter of law, plaintiff's use of outdated statutory language in its preliminary notice did not substantially comply with section 3097 . . . ." (*Ibid.*)

*Harold L. James* continued: "we need not speculate as to what, if any, deviations from the currently specified statutory lien language might permit a court to determine that such deviations did not render the subsequent lien unenforceable." (*Harold L. James, supra,* 158 Cal.App.3d at p. 7.) The court held: "we conclude that the *transmittal* methods and *notice* requirements must be strictly construed. However, the issue of minor errors in the *body* of the notice must be independently addressed on a case-by-case basis, if and when such a case is presented." (*Ibid.*; see also *San Joaquin Blocklite v. Willden* (1986) 184 Cal.App.3d 361, 366, 364-365 [applying the same rule in a public works case; the plaintiff admitted not sending a preliminary 20-day notice, but argued that the defendant's actual knowledge of the material supplier, plus a notice sent by the state about the materials, either excused compliance or constituted a kind of substantial compliance; "transmittal methods and notice requirements" must be strictly construed].)[3]

---

[3] Defendant also cites *Truestone, Inc. v. Simi West Industrial Park II* (1984) 163 Cal.App.3d 715. *Truestone* involved a statutory exception to the notice requirement for "one under direct contract with the owner." (Former Civ. Code, § 3097, subd. (a).) In *Truestone*, the plaintiff admitted that the 20-day preliminary notice was sent by first class regular mail, rather than by certified or registered mail, and that it had no proof of service. (*Id.* at p. 720.) But declarations in the case showed the property owner admitted he had received two 20-day notices, was "having trouble" with the contractor, and

9

**3.      This Case**

From the stipulated facts and case authorities, several points are clear.

First, the cases demonstrate that the courts do not demand strict compliance with every aspect of the mechanic's lien law.  The cases go no further than to say that "*transmittal* methods and *notice* requirements must be strictly construed."  (*Harold L. James, supra,* 158 Cal.App.3d at p. 7.)

Second, plaintiff in fact served the preliminary notice on defendant in strict compliance with former Civil Code section 3097, that is:  "by first-class . . . certified mail, postage prepaid, addressed to the person to whom notice is to be given . . . ." (Former § 3097, subd. (f)(1).)  Service by first-class certified mail "is complete at the time of the deposit of that . . . certified mail." (*Id.*, subd. (f)(3).)  Defendant agreed this is so when it stipulated that on March 16, 2012, plaintiff  "caused a 'California Preliminary Notice' to be mailed by Certified Mail, to [the general contractor], [defendant], and the project construction lender, . . . as attested to by Proof of Service executed 9/28/12."

Third, defendant in fact received the preliminary notice that plaintiff served by certified mail.  The stipulated facts tell us not only that defendant actually received the notice (a point that is not determinative), but also that plaintiff actually mailed the preliminary notice by certified mail to defendant (a point that *is* determinative).  And if that were not enough, the stipulated facts also tell us that plaintiff furnished sufficient postage to the U.S. Postal Service for the certified mail items; that plaintiff has a stamped record from the U.S. Postal Service (a "Certified Mailer Manifest for:  3-16-12")

promised to pay for the materials supplied to the contractor if the plaintiff would continue to make deliveries.  (*Id.* at pp. 720-721.)  The court pointed out the exception to the notice requirement for "one under direct contract with the owner," and found there was "a factual issue concerning the existence of a contract between [the plaintiff and the owner]." (*Id.* at p. 722.)  *Truestone* also stated that in some cases, "even where there is no contractual relationship between the parties, actual knowledge may estop the property owner from asserting the notice requirements of section 3097." (*Ibid.*)  The court observed that the policy of the law favors protection of laborers and materialmen, and "[t]herefore, an exception to the statutory notice requirement precludes the defeat of the lien on meaningless technicalities where a materialman is known to the property owner and makes deliveries in reliance on his promise to pay." (*Id.* at p. 723.)

"reflecting [the contractor, defendant, and the construction lender] as addressees"; and that the U.S. Postal Service website tracking for the certified mailed items "indicates that they were all delivered."

In the face of the agreed facts and in the absence of binding authority to the contrary, we decline to find that plaintiff's lien is unenforceable for lack of a return receipt. We do not disagree with the rule that strict compliance with the notice requirements of former Civil Code section 3097 is required. It is undisputed that plaintiff complied with that statute. We merely decline to extend the rule of strict construction to the proof of service requirements of former section 3097.1. In short, in a case where defendant has *admitted* that notice was served in the statutorily prescribed manner, plaintiff need not comply with the statutory requirements for *proving* that notice was served in the statutorily prescribed manner. To hold otherwise would defy reason and serve no conceivable purpose. Like the court in *Industrial Asphalt*, "We do not believe that the statute's purpose should, or does, lead to this aridly formalistic result." (*Industrial Asphalt, supra*, 180 Cal.App.3d at p. 1006; see *ibid.* ["strict statutory construction would allow a party who received the required notice to be insulated from liability"].)

## DISPOSITION

The judgment is reversed, and the cause is remanded to the trial court with directions to vacate its order releasing the property from plaintiff's lien and enter a new order for foreclosure of the mechanic's lien. Plaintiff is to recover its costs on appeal.

                                                      GRIMES, J.

WE CONCUR:


          BIGELOW, P. J.


          RUBIN, J.


11